Ms. Danahy for the appellant, Mr. Lucas for the appellee. Good morning, counsel. Ms. Danahy, please proceed when you're ready. Good morning, your honors, and may it please the court. Molly Danahy for the appellant, Campaign Legal Center. This court should reverse for two reasons. First, the district court had no basis for redetermining whether Campaign Legal satisfied the statutory prerequisites to bring this suit. Second, the district court erred in determining that the FEC acted during the conformance period, despite failing to obtain the majority vote required for it to exercise its authority under FECA. With respect to the first issue, the district court erred in finding that it was obligated to double-check the work of the delay court in order to establish its jurisdiction over the citizen suit. As an initial matter, the statutory preconditions for a citizen suit are not jurisdictional because they do not contain a clear statement, congressional intent to limit the federal court's ordinary obligation to hear claims arising under federal law. But even if they were, FECA's text and structure clearly assign the responsibility for judicial review of FECA action to the delay court, while limiting the citizen suit court to determining a defendant's liability for substantive FECA violations. As such, all the citizen suit court is required to determine is whether the plaintiff brought and ultimately prevailed in the delay suit. Allowing, much less requiring, the citizen suit court to second-guess the decision of the delay court is contrary to the text of FECA, to the purpose of administrative exhaustion requirements, and to the normal course of judicial review. With respect to the second issue, district court erred in determining that the FEC acted when it deadlocked on whether to find reason to believe during the conformance period. By statute, the FEC cannot exercise any of its duties or powers absent a majority vote. Treating a deadlocked vote as agency action contravenes the statutory requirement. Dismissing an administrative complaint is indisputably an exercise of the FEC's duties and powers. And thus, dismissal cannot occur absent a majority vote. But aren't there cases that support that a deadlock can be a file agency action? Yes, Your Honor. I believe in the FERC case, this court has suggested that. But that was a case about whether a deadlock is action when the FERC engages in it. It did not involve the FEC. The FEC was not a party to that case. And the court was not required to wrestle with the two-step process that the FEC engages in when it dismisses after a deadlock. And I'm kind of concerned about kind of the political piece to deadlock. Because if you never get to majority vote, it just leaves any decision just kind of hanging. And so it's almost as if commissioners, if you fail to vote too, don't allow the parties to proceed. Well, Your Honor, I think that's a function of the way that the statute is written. So FEC, the FECA requires a majority vote for the FEC to take any action. And it includes private right of action as a check on deadlock, essentially. The FEC, the FECA is written to be bipartisan, to require bipartisan support for agency actions. And it also imposes a heightened vote requirement for certain agency actions. And that was to ensure that when the agency engages in review or action on administrative complaints, it does so in a bipartisan manner. That includes dismissal. Because of the majority vote requirement, when the commission is acting as a six-member majority, it requires a four-vote majority in order to dismiss an action. And the citizen supervision exists to ensure that when deadlock occurs, there still can be enforcement of FECA through a private suit to represent individual rights. If the perceived reason the determination was contrary to law, the failure to act, then why isn't just the holding of a reason to believe vote the action? Well, Your Honor, just holding a reason to believe vote is not agency action because nothing occurs just by holding the vote. There is no holding. The vote does not. When a deadlock occurs, the administrative complaint isn't advanced through the administrative enforcement process and it's not dismissed. Literally nothing occurs. I think the FARC cases. But some things occurred that didn't occur before. I mean, it seems like an outright failure to act means nothing happened. But when a reason to believe vote is held, then something happens. It may not do all the things that you say it could be done. That's for sure. You don't know what's going to happen when you hold a reason to believe vote. But it does seem like it's something where the failure to act determination was predicated on the notion that there was a nothing. Well, Your Honor, I think there's a difference between doing something as the other side has suggested is sufficient and taking agency action, which is required to conform to the courts order for failure to act. And that's because agency action under the statute requires a majority vote. The agency cannot exercise its duties or authorities absent a majority vote simply by holding a vote that has no legal effect. That doesn't constitute agency action in the sense of what the statute contemplates. And that. Holding that it would. It's just opens the definition of action to an incredibly broad array of things. Does an FEC commissioner emailing another commissioner about about the matter constitute agency action? Does putting it on the agenda and then removing it for consideration at an executive session constitute action? You know, those are things that do not have any legal effect. They do not have any effect on moving the complaint forward, either through enforcement or closing the file through dismissal. It doesn't. There's no there's no effect of that, that holding the vote when it ends in deadlock. If holding a deadlock, if you hold a reason to believe vote and four commissioners vote to advance that through the enforcement process, that would constitute action. If you hold the. And to believe vote and the commission deadlocks, but four commissioners or a majority of commissioners vote to dismiss the case, that would constitute action. But simply holding the vote is not sufficient to remedy a failure to act because it has no practical or legal effect on the complaint itself. But we already know in some situations, at least where there's a holding of a reason to believe vote, even if there's a deadlock, there can still be a review. Judicial review only. I don't believe there's ever been a case where this court has reviewed an agency deadlock that wasn't subsequently followed by a majority vote to dismiss the case. So agency review is not triggered by the deadlock. It is triggered by the dismissal of the action. But notwithstanding that the vote resulted in a deadlock, there can still be review. Notwithstanding the fact that the voters resulted in a deadlock, there can be agency review or there can be judicial review if a majority of the commission votes to then dismiss the case and submit it. Essentially for judicial review of the deadlock can essentially mean a dismissal. No, your honor, I think that contravenes the clear plain text of the statute, which requires the agency to act by majority vote. Can I take you back to the first issue? So even if we agreed with you that the. That it's not it's not jurisdictional at the citizenship stage. It still seems like there could be review in circumstances like those in this case where you have some new facts come to light and where it's a non party. And in fact, it seems it's pretty parallel to the situation that we had for us in the heritage action case. And and that court, that panel did say that in these kinds of circumstances, there wouldn't be a preclusion against review in that second round proceeding in pretty parallel factual circumstances. Yes, your honor. In that case, the question was not presented. Well, like in heritage action, the case, the question was not presented whether. The citizenship court is obligated to redetermine the facts of the delay proceeding in order to establish its jurisdiction or in order to establish the plaintiff has. Satisfied the preconditions there. It was just a matter of whether the party would be precluded from raising the issue. They had already done so by that point in the citizen suit. And I think that was informative of this court's decision that there was no need for. For intervention in the heritage case, but didn't what we said, heritage action was not a party to the default judgment and campaign legal lawsuit against the commission. That's the same as this case and would not be prevented from arguing that section thirty one oh nine C's prerequisites have not been met. That is the question, right? Whether yes, your honor. I think, again, the issue there is about like the classic sort of issue preclusion. They would not be collaterally stopped from raising those arguments. We're not arguing kind of that classic collateral estoppel issue here. What we're saying is that the statute creates a specific that Congress creates specific statutory scheme for agency review. That is. Fully completed and done within the delay court proceeding and that there is no. Place or reason for the citizen to court to reopen those facts or relitigate that decision under this statute scheme as set up by Congress. My colleagues don't have additional questions for you. Thank you. Time for rebuttal. Mr. Lucas. Morning, your honors. May please the corporate and Lucas for 45 committee. I'll just start with the last question that we were discussing with my friend on the other side about heritage action. And in that case, briefs did clearly discuss that in that context, campaign legal center was trying to argue in the citizen suit that you could not raise this argument. That was, in fact, the reason heritage action was pursuing an appeal of the intervention of dial because it wanted one bite at the apple. We're in the same situation. We want a chance to be heard on this issue in light of the new evidence that's come to pass. And we think that this issue was considered in heritage action. The brief least touched on the fact that campaign legal was trying to prevent similarly situated non-party from raising these arguments in the citizen suit. And this court, I believe, passed judgment passage you cited. So I think that heritage action is probably the easiest way to deal with all the preclusion arguments here. All the all the opinion says is that you can raise the argument. It doesn't say that the district court has to hear it. Well, I think the reasoning given by this court in heritage was implicit. That's implicit in the statement of the court. Well, the reason given by the courts was that we had two rationales for why we could argue this in the court. One was the fact that we weren't a party. And the second was that was a default judgment so that we could raise this argument there. So I think the reasoning carries over saying that, yes, you can raise it and the court can indeed hear it. You can raise the argument, but that doesn't mean that the court has to credit it. The court could say, well, it's a default judgment. You've raised your argument. I'm going to reject it. Certainly on the merits. Yes. We're not saying that the court have to was bound by any sort of sense of the delay court on the merits. We were just saying that we have a chance to make that argument. That's all my point is right here. And so turning to the merits, I do think, as Judge Childs referenced, that public citizen is a good starting point. And I think also the stopping point here. And I'd like just to respond to my friend's argument. Because what happened in public citizen was this court had to determine its jurisdiction over a case. Yes, it was a case. But the petitioners there argued that look, because this whole question of jurisdiction turns on whether a FERC deadlock is, in fact, an agency action. They said you should treat FERC deadlocks like you treat FEC deadlocks. And this court said no. And the reason they said no wasn't because FEC deadlocks aren't action. It's because FEC deadlocks were different from FERC deadlocks. And it spent pages explaining the difference between those two. And so that was a necessary part of this court's reasoning to get to its holding that it, in fact, lacked jurisdiction. If it just thought that all agency deadlocks were non-action, if it thought FEC deadlocks were non-action, it could have just said so and ended the case on that basis. Even going beyond public citizen, I'd also just point you to new models, this court's decision, where it rejected the identical argument there raised by Crew, which Crew, citing 30106C, said, look, when the FEC deadlocks on a vote and it doesn't lead to either a dismissal or an enforcement action, basically what happens, it's a nullity. It's a non-action. Nothing happens. And this court squarely rejected it, relying on its precedents discussing the controlling commissioner doctrine. Yes, it also relied on this particular four-judge voting or, excuse me, four-commissioner voting requirement in the statute. But it went more broadly and also cited this court's precedents on controlling commissioners. But even beyond that, I think just going to first principles, I do think that CLC's argument here would essentially gut FECA's reticulated enforcement scheme. Because under their position, right, all you have to have is a partisan minority of just three commissioners, or perhaps even less, depending on the commission, and you can engage off green light private enforcement of FECA, notwithstanding any of the various bipartisan veto gates that the statute sets up to go through before the FEC can take an enforcement action. And I think that's particularly problematic. And I don't think my friend has any answer to that. I think her best argument is to say, look, you know, yes, that's true when it comes to the FEC, but not when it comes to citizen suits. But I think from our perspective, we would be far rather litigating against the FEC than a particular citizen suit, because that could be any private party ranging from defendants, you know, diehard political adversary or not. And in that context, those litigants, those private litigants aren't bound by any of the procedural norms of government attorneys, of the prosecutorial discretion that's covered by that. I think just as an illustration, you can look at the general counsel's memorandum here. And I think it's very restrained and comparatively to what CLC is arguing here. There, the general counsel said, look, based on the evidence, we think that there is some reason to believe to conduct an investigation. But it didn't go on to denounce my client and say that, look, it's clear that 45 committee violated the Campaign Act. And so I think that sort of underscores that when Congress set up this very articulated scheme in this sensitive area involving First Amendment concerns and involving the inherent nature of partisan enforcement, the dangers that poses, it didn't want all of that to be thrown out by this sort of scheme where you can use just three commissioners to green light and trigger enforcement actions by private parties. And so there was an intentional withholding of information by the commission to publicize the tie vote. Is that right? Yes. And I think that was a key part of this aspect. And the reason they withheld it, at least according to a newspaper report, was in order to allow a citizen suit to be brought. Exactly. And just to underscore that. Why isn't that fraud on the court? I mean, we do think that it certainly approaches fraud on the court and that it's. Doctrine has mostly been applied, maybe always to a party. But in one sense, the FEC is a party and it is committed a fraud by withholding the information. Certainly, Your Honor, I mean, I don't think this court even needs to go there. I think we have all sorts of other issues. But just to underscore why I think this was particularly problematic is last year. This is following a change in leadership. That's the only reason we ended up in the records is that Commissioner Lindenbaum, one of the Democratic appointees on the committee, replaced another Democratic appointee. And when she got on to the commission, she cleaned house and she released the files. In all of these cases, the evidence came before Judge Meda. He was able to see and figure this out. And then she also voted to adopt a policy that going forward, when the FEC takes these deadlocked votes, they're going to provide them under seal to the court, even if it's still ongoing, so that the courts can at least know what's going on. And so I think that sort of underscores what happens is that everybody, this isn't a partisan issue, that the FEC realizes that what was going on here was a scheme to deliberately mislead the courts into thinking that nothing had happened. Isn't there a pending that that issue is pending, right? Didn't the district court in the other case? Yes. Again, you don't have to get into this. Again, I think Judge Meda was very clear that we don't have to decide whether this was unlawful or whatnot. All you have to decide is that, look, Judge Meda had the evidence in front of him and said, now I know this wasn't before the delay court, but I can at least review these records. And based on circuit precedent, this is unquestionably a conforming action. Isn't there another doctrine that could take care of it, the newly discovered evidence? Certainly, yes. That's another argument and another basis that he had to consider this. I think there's multiple grounds for why he could consider this, and this evidence wasn't presented. I mean, the delay court thought that the FEC hadn't taken any vote, other than at most a vote not to defend, because it was under the impression that when the FEC votes on a complaint, whether to engage in an enforcement action, it discloses that, or at least it should. But again, we don't need to get into whether the FEC engaged in misconduct here. That's not presented in this case. All we want is for this court to just affirm the judgment and say, look, this citizen suit is over. As Judge Meda said, whether this is a dismissal or whether there was fraud or whatnot, this is action under circuit precedent. And that's good enough for today. And I think that's what we want. My client would be happy with that. Yes, I think that's all this court needs to engage in. My colleagues don't have additional questions for you. Thank you, Your Honor. Ms. Danahy, we'll give you two minutes for rebuttal. Thank you, Your Honor. I'd like to address the first, the other side's argument that allowing a citizen suit to go forward in this case would vitiate the bipartisan kind of veto checks in FECA. And I think the important thing to remember is that the majority vote requirement to dismiss a matter is one of those checks. And so, too, is the four vote requirement for the FEC to defend itself against lawsuits under 30109A8. And those two statutory provisions ensure that a citizen suit can proceed when the FEC is helplessly deadlocked and they cannot take action on the case. And so to the extent my colleagues are frustrated by the way that this case is proceeded or the way a citizen suit is comes into effect, their complaint is with the statute and not with the actions of the commission or any action by by our client. I would also add that with respect to whether there was any concealment of the administrative record from the delay court, there was not. And I think that is clear, again, if you look at the FEC's requirements for when or for FECA's requirements for when the FEC must disclose information to the parties in the case. It must disclose to the respondent when it votes to find reason to believe or votes to find probable cause and advances the case through the administrative process. And it must inform the parties when it votes to dismiss the case and closes the file and releases the administrative record. None of those things occurred until after this citizen suit was was brought. And so there was no concealment or fraud on the court. Again, the complaint with the way the FEC handled the disclosure of information is with the statute itself, not with the information that was before the delay court. The delay court had every right to, on the information before it, in a default judgment, find the FEC who did not appear to defend the case, had failed to act and failed to conform with with its order to do so. And that was all that needed to happen for the citizen suit to be brought. Thank you, Your Honor. Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan, Childs, Randolph